UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| $52,737.00, U.S. CURRENCY, | § | |
| Defendant. | § | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

United States of America, Plaintiff, files this action for forfeiture against $52,737.00 in United States currency.

*Nature of the Action*

1. This civil action in rem is being brought to enforce the civil forfeiture statute of 31 U.S.C. §5317(c)(2) which provides for the civil forfeiture of any property involved in a violation of 31 U.S.C. § 5316. Under 31 U.S.C.A. § 5316(a)(1)(A), it is a crime for a person not to report that they are transporting or are about to transport more than $10,000 in United States currency out of the United States. The United States currency involved in a violation of 31 U.S.C. §5316 is subject to civil forfeiture under 31 U.S.C. §5317(c)(2).

2. This civil action in rem is also being brought to enforce the civil forfeiture statute of 31 U.S.C. §5332(c)(1) which provides for the civil forfeiture of any

property involved in a violation of 31 U.S.C. §5332(a). Under 31 U.S.C. §5332(a)(1), it is a crime to attempt to smuggle bulk cash out of the United States. Section 5332 (a)(1) provides that whoever, with the intent to evade a currency reporting requirement under 31 U.S.C. §5316, knowingly conceals more than $10,000 in currency or other monetary instruments on the person of such individual or in any conveyance, article of luggage, merchandise, or other container, and transports or transfers or attempts to transport or transfer such currency or monetary instruments from a place within the United States to a place outside of the United States, or from a place outside the United States to a place within the United States, shall be guilty of a currency smuggling offense. The United States currency involved in a violation of 31 U.S.C. §5332(a)(1) is subject to civil forfeiture under 31 U.S.C. §5332(c).

*Jurisdiction and Venue*

3. This Court has jurisdiction pursuant to 28 U.S.C. §1355 because this is an action for forfeiture under 31 U.S.C. §5317(c)(2) and 31 U.S.C. §5332(c).

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355 and 1395 (a) and (b) because the acts or omissions giving rise to the forfeiture occurred in the Southern District of Texas, the property was found and is located in the Southern District of Texas, and this forfeiture action accrued in the Southern District of

Texas.

*Defendant in Rem*

5. Defendant in rem is $52,737.00 in United States currency that was seized at the George Bush Intercontinental Airport in Houston, Texas, from Basimah Atallah Yousef on September 1, 2003.

*Facts*

6. On September 1, 2003, Basimah Atallah Yousef was leaving the United States of America from the George Bush Intercontinental Airport, Houston, Texas, by Lufthansa Airlines flight #441 destined for Frankfurt, Germany. At the George Bush Intercontinental Airport, while conducting a customs inspection of outbound passengers, a United States Customs and Border Protection Officer asked Basimah Atallah Yousef whether she was transporting more than $10,000. Basimah Atallah Yousef replied that she was carrying $9,000.00, and she signed a custom declaration form stating that she was carrying $9,000.00.

7. When Customs and Border Protection Officers conducted an inspection of Basimah Atallah Yousef, they discovered that she had $52,737.00 in U.S. currency. This currency was found concealed in Basimah Atallah Yousef's purse, and brassiere. The $52,737.00, U.S. currency was seized by the customs officers.

8. Basimah Atallah Yousef was charged by indictment with bulk cash

smuggling into or out of the United States to which she pleaded guilty. *United States v. Basimah Atallah Yousef*, Case No. 4:04cr00432, Southern District of Texas.

*Relief Requested*

9. Plaintiff requests:

A. Arrest Warrants and summons, citing all persons having an interest in the defendant property to appear on the return day of process by filing a claim and answer pursuant to Rule G(5), Supplemental Rules for Certain Admiralty and Maritime Claims, or as ordered by this Court,

B. A judgment of forfeiture, and

C. Costs and other relief to which the Plaintiff may be entitled.

Respectfully submitted,

Donald J. DeGabrielle
United States Attorney

By: /s/ Albert Ratliff
Albert Ratliff
Attorney-in-Charge
NY Bar No. 1073907
SDTX Bar No. 6764
Assistant United States Attorney
United States Attorney's Office
P. O. Box 61129
Houston, Texas  77208

Office (713) 567-9579
Fax (713) 718-3300

## VERIFICATION

I, Kristian Kaufmann, Special Agent, United States Immigration and Customs Enforcement, declare under penalty of perjury as provided by 28 U.S.C. §1746 that I have read this *United States of America v. $52,737.00, U.S. Currency* Verified Complaint for Forfeiture in Rem, and the facts stated in this complaint are true and correct to the best of my knowledge and belief.

Executed on May __14__, 2007.

Kristian Kaufmann, Special Agent
U. S. Immigration and Customs Enforcement